UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF PIPEFITTERS LOCAL 636
DEFINED BENEFIT PENSION FUND,
PIPEFITTERS LOCAL 636 DEFINED
CONTRIBUTION FUND, PIPEFITTERS 636
INSURANCE FUND, PIPEFITTERS LOCAL 636
SUPPLEMENTAL UNEMPLOYMENT BENEFIT
FUND, PIPEFITTERS LOCAL 636 RETIREE
AND WIDOW BENEFIT FUND, PIPEFITTERS
LOCAL 636 EDUCATION FUND and
JOINT ADMINISTRATIVE COMMITTEE
OF THE PLUMBING & PIPEFITTING
INDUSTRY IN THE DETROIT AREA,

           Plaintiffs,

v.

COMPLETE MECHANICAL CONTRACTING,
INC., and JAMES B. SMITH and
ROBERT D. SMITH, Individually,

           Defendants.
_____/

Case No. 13-cv-
Hon.

**DAVID J. SELWOCKI (P51375)**
**MATTHEW I. HENZI (P57334)**
Attorneys for Plaintiffs
25800 Northwestern Highway, Suite 1000
Southfield, Michigan 48037-0222
248.746.0700
_____/

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their

attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants COMPLETE MECHANICAL CONTRACTING, INC., a Michigan corporation, and JAMES B. SMITH and ROBERT D. SMITH, Individually, state as follows:

1. Plaintiffs are the Trustees of the PIPEFITTERS LOCAL 636 DEFINED BENEFIT PENSION FUND, PIPEFITTERS LOCAL 636 DEFINED CONTRIBUTION FUND, PIPEFITTERS 636 INSURANCE FUND, PIPEFITTERS LOCAL 636 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, PIPEFITTERS LOCAL 636 RETIREE AND WIDOW BENEFIT FUND, PIPEFITTERS LOCAL 636 EDUCATION FUND and JOINT ADMINISTRATIVE COMMITTEE OF THE PLUMBING & PIPEFITTING INDUSTRY IN THE DETROIT AREA (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Troy, Oakland County, Michigan.

2. Defendant, COMPLETE MECHANICAL CONTRACTING, INC. is a Michigan corporation with its principal offices in the State of Michigan (hereinafter "COMPLETE MECHANICAL").

3. Defendants JAMES B. SMITH and ROBERT D. SMITH (hereinafter "Individual Defendants") are individuals who are the principal owners and officers of COMPLETE MECHANICAL. The Individual Defendants are responsible for running the day-to-day operations of COMPLETE MECHANICAL and are responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. The Individual Defendants are employers or agents of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendants are employers within the meaning of §3(5) of ERISA, 29 USC §1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local No. 636 (hereinafter referred to as the "Union"), and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant COMPLETE MECHANICAL was signatory to a Collective Bargaining Agreement with the Union.

7. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between COMPLETE MECHANICAL and the Union, COMPLETE MECHANICAL agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by COMPLETE MECHANICAL, and covered by the Agreement.

9. That pursuant to the provisions of the plans for the FUNDS, contributions become vested plan assets on the date in which they are due.

10. That pursuant to the Collective Bargaining Agreement, Defendant COMPLETE MECHANICAL is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

11. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

12. That pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective

Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145

15. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, COMPLETE MECHANICAL has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC §1145.

17. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE,** Plaintiffs request that this Honorable Court grant the following relief:

    A.    Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B.  Enter an Order that Defendant COMPLETE MECHANICAL CONTRACTING, INC. open its books and records for a complete payroll audit;

C.  Enter a Judgment in favor of Plaintiffs against Defendants COMPLETE MECHANICAL CONTRACTING, INC., JAMES B. SMITH and ROBERT D. SMITH for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

C.  Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

D.  Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties of James B. Smith and Robert D. Smith

18. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 17 above as though fully set forth herein.

19. The Individual Defendants are fiduciaries with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of the assets of the plans.

20. By engaging in the acts and omissions described, the Individual Defendants have breached their fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

21. The Individual Defendants are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

- B. Enter an Order that Defendant COMPLETE MECHANICAL CONTRACTING, INC. open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants COMPLETE MECHANICAL CONTRACTING, INC., JAMES B. SMITH and ROBERT D. SMITH for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

- C. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

D.    Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

s/David J. Selwocki
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield, Michigan 48075
248.746.0700
brogers@swappc.com
P51375

Dated:    December 6, 2013

W1389948.DOC